≊ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

WESTERN District of NORTH CAROLINA

UNITED STATES OF AMERICA
V.
DORIS DENISE FOSTER.
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case 1:09 cr 13-7

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I—Findings of Fact**

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

X (1) There is probable cause to believe that the defendant has committed an offense
  - X for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 846 & 841(a)(1).
  - ☐ under 18 U.S.C. § 924(c).
X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

(1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

**Part II—Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by X clear and convincing evidence ☐ a preponderance of the evidence that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Date _____

*Signature of Judge*
Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:09 cr 13-7**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Vs. | **ADDENDUM TO** |
| | **DETENTION ORDER** |
| **DORIS DENISE FOSTER.** | |

**I.   FACTORS CONSIDERED**

**18 U.S.C. § 3142:**

**(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

**(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including--

**(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

**(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II. FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a controlled substance, that being cocaine base, a schedule II narcotic drug.

**(g)(2):** The weight of the evidence against the person appears to be strong and significant. The affidavit attached to the criminal complaint issued on February 6, 2009 before the indictment was issued on February 17, 2009 reveals that a large quantity of cocaine was seized from the kitchen of the dwelling of the defendant.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties, is self-employed, has financial resources and a long length of residence in the community. The defendant has community ties to both Buncombe County and McDowell County. The defendant's history relating to drug or alcohol abuse does not show a history of such type of conduct. The defendant's criminal history shows the following convictions:

| Offense | Conviction Date |
|---|---|
| Misdemeanor shoplifting and concealment of goods | 08/30/90 |
| Misdemeanor possession of stolen property, misdemeanor possession of drug paraphernalia | 04/24/92 |
| Felony larceny | 08/22/94 |
| Felony common law robbery, misdemeanor assault with deadly weapon felonious larceny, misdemeanor larceny | 08/22/94 |
| Felony larceny from the person | 05/18/95 |
| Misdemeanor larceny | 06/23/99 |
| Misdemeanor worthless check | 02/09/99 |
| Misdemeanor worthless check | 11/13/07 |

The defendant's record concerning appearance at court appearances shows that the defendant did not appear at one court appearance.

(B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does not exist.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate that the release of the defendant would create a risk of harm or danger to any other person or the community. The defendant is charged with an

offense for which there is a presumption that there are no conditions or combination of conditions that would prevent any danger to any person or the community that would be caused by the release of the defendant. This is a rebuttable presumption. The defendant has presented evidence through her sister, Theresa O'Neill. The court finds that Ms. O'Neill would be an excellent person to have the custody and control of the defendant, however, an examination of the record of the defendant shows that the defendant has eight misdemeanor convictions and four felony convictions. The four felony convictions all involve charges of felonious larceny, including common law robbery. The defendant, in this occasion, was found to have in her dwelling house, along with her co-defendant, a large quantity of cocaine. These factors show by clear and convincing evidence that the release of the defendant would create a danger to any other person or the community. The undersigned declines to place the defendant in the custody of her sister because of the defendant's previous acts of serious violations of the law.

The undersigned does not find by a preponderance of the evidence that the release of the defendant would create a risk of flight on her part.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: February 28, 2009

_____
Dennis L. Howell
United States Magistrate Judge