# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:09CR13

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| DORIS DENISE FOSTER ) | |

**THIS MATTER** is before the Court on Defendant's appeal from the Magistrate Judge's denial of release pending trial. For the reasons that follow, the order of detention is affirmed.

## I. FACTUAL AND PROCEDURAL HISTORY

On February 17, 2009, Defendant and 14 others were charged in a two-count indictment with conspiracy to distribute cocaine and knowingly using a communication facility in facilitating the commission of the conspiracy. **See Indictment, filed February 17, 2009, at 1-2.** On February 23, 2009, a detention hearing was held before the United States Magistrate Judge. Following presentation of evidence and the arguments

of counsel, the Magistrate Judge stated the reasons for denying Defendant's release pending trial. On February 28, 2009, a written order was entered that included a detailed examination of the statutory factors set forth in 18 U.S.C. § 3142. This appeal follows.

## II.  STANDARD OF REVIEW

Title 18 U.S.C. § 3145(b), which governs review and appeal of detention orders, provides that "[i]f a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."  In acting on such a motion, the Court reviews the Magistrate Judge's order *de novo*.  **United States v. Stewart, 19 F. App'x 46, 47 (4th Cir. 2001)**. Thus, this Court makes "an independent determination of the proper pretrial detention or conditions of release." ***Id.***

Title 18 U.S.C. § 3142 provides that if, after holding a hearing, the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court shall order the detention of the

person pending trial. **18 U.S.C. § 3142(e)**. Below are the statutory factors set forth for consideration:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

**18 U.S.C. § 3142(g).**

### III.  ANALYSIS

At the outset, the Court notes that Defendant is subject to the statutory presumption in favor of detention set forth in 18 U.S.C. § 3142(e), which provides:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if [the Court] finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.).

During the detention hearing, the Government offered two documents that were that admitted into evidence without objection. The first document is a pretrial services report and the second is the affidavit of Special Agent Daniel R. Guzzo of the Drug Enforcement Administration. Defendant offered evidence through the testimony of her sister, Theresa O'Neill. The undersigned has examined the remaining record in this matter along with the FTR recording of the detention hearing. Based on the information contained in the indictment and the evidence presented in this case, the Court concludes there is probable cause to believe Defendant committed the charged offenses.

The Court now examines the four factors contained in 18 U.S.C. § 3142(g). The first factor clearly weighs against Defendant as she was charged in a two-count indictment with a crime involving a controlled substance. The second factor, the weight of the evidence, leans heavily in favor of detention. In his affidavit, Agent Guzzo states that a search of

Defendant's residence uncovered approximately 556.8 grams of cocaine hydrochloride and 302.8 grams of cocaine in her kitchen. In addition, "multiple bundles of U.S. currency" were found in Defendant's home on the person of her husband, Kenneth Foster, who is also charged in this indictment.

The third factor, generally the history and characteristics of the person, ultimately weighs in favor of detention. In her favor, Defendant presented evidence that she has maintained consistent employment and has ties to the community, in particular, to her sister Ms. O'Neill. Unfortunately another of her ties to the community, her husband Kenneth Foster, is named in the same indictment. Further, the Government presented significant evidence regarding Defendant's lengthy criminal history. The pretrial services report details crimes that include felony larceny, felony common law robbery, misdemeanor assault with a deadly weapon, and felony larceny from the person. Although these convictions occurred in the early to mid-1990's, they are nevertheless an indelible part

of Defendant's criminal history and the Court finds them relevant and persuasive on this factor.[1]

Lastly, the fourth factor also weighs against Defendant. The indictment charges that a large amount of drugs was found in Defendant's home and this certainly poses a danger to the community. Defendant's previous convictions for misdemeanor assault with a deadly weapon and felony common law robbery also weigh against release.

Based on the foregoing, the Court concludes that Defendant has failed to overcome the presumption in favor of detention in this matter.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Appeal of the Order of Detention is **DENIED** and the Magistrate Judge's Order of Detention is **AFFIRMED.**

---

[1] The Court notes that the pretrial services report also shows a pending warrant for Defendant's arrest issued in New York. Defendant disputes this, and the Court has not considered it in ordering Defendant's continuing detention.

7

Signed: March 12, 2009

*[signature]*

Lacy H. Thornburg
United States District Judge