# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:09-cr-00013-MR-7

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>          Plaintiff, )<br>)<br>vs. )<br>)<br>DORIS D. FOSTER, )<br>)<br>          Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** comes before the Court upon the Defendant's letter, which the Court construes as a motion to unseal [Doc. 803].

In her motion, the Defendant requests that the Court "unseal any and all documents" and "forward [her] copies of the documents so that [she] may be able to perfect an appeal effective[ly]." [Doc. 803 at 1]. The Defendant does not, however, identify the documents which she requests to be unsealed out of the 800-plus documents in the record. Moreover, there are no matters pending from which the Defendant could perfect a timely appeal. The Defendant therefore has failed to demonstrate a particularized need for the requested pleadings. See United States v. MacCollom, 426 U.S. 317, 326-27 (1976) (holding that federal inmates are not entitled to transcripts at

Government expense absent some showing of a particularized need); <u>Jones v. Superintendent, Va. State Farm</u>, 460 F.2d 150, 152 (4th Cir. 1972) ("[A]n indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw.") (citation omitted). For these reasons, the Court denies the Defendant's motion to unseal.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion to unseal [Doc. 803], is **DENIED**.

**IT IS SO ORDERED.**

Signed: December 31, 2015

Martin Reidinger
United States District Judge