THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:09-cr-00013-MR-DLH-7

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DORIS DENISE FOSTER, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's *pro se* Motion for a Reduction in Sentence pursuant to Amendments 750 and 782. [Doc. 817].

On March 4, 2010, a jury found the Defendant guilty of conspiring to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. The 2,902.43 grams ("2.9 KG") of cocaine base for which the Defendant was responsible,[1] resulted in a Base Offense Level of 36 under the then-applicable United States Sentencing Commission Guidelines

---

[1] The jury found the Defendant to be responsible for 50 or more grams of cocaine base for the purpose of setting the statutory sentencing range. [Doc. 506]. As set out in the Presentence Report, the Defendant was responsible for the 2,902.43 grams. [Doc. 525]. The Defendant objected to this determination [Doc. 543 at 1], but the Defendant's objection was overruled at sentencing.

1

Manual. See USSG § 2D1.1 (2009). The Defendant's Total Offense Level of 36, combined with her Criminal History Category of VI, produced a Guidelines imprisonment range of 324 to 405 months' imprisonment. [Doc. 551 at 7-8]. This Court varied downward, however, and imposed a sentence of 292 months' imprisonment on September 22, 2010. [Doc. 563]. This Court's calculation of the quantity of drugs attributable to the Defendant, as well as the resulting guideline range, were upheld on appeal. United States v. Foster, 452 F. App'x 274, 276 (4th Cir. 2011), cert. denied, 133 S. Ct. 69 (2012).

On September 14, 2015, the Federal Defenders of Western North Carolina filed a Motion on the Defendant's behalf for a reduction in sentence pursuant to 18 U.S.C. § 3582 and Sentencing Guidelines Amendment 782. [Doc. 784]. On December 16, 2015, the Defendant filed a *pro se* Motion for a sentence reduction pursuant to Amendment 782 as well as Sentencing Guidelines Amendment 750. [Doc. 802]. On February 25, 2016, this Court found that the Defendant's Total Offense Level was retroactively reduced from 36 to 34 pursuant to Amendment 782. [Doc. 815]. The Defendant's amended Total Offense Level of 34, combined with her Criminal History Category of VI, produced an amended Guideline Range of 262 to 327 months' imprisonment. [Id.]. The Court accordingly reduced the Defendant's

2

sentence from 292 to 262 months' imprisonment, the low end of the amended Guideline Range. [Id.]. Less than fourteen days later, the Defendant filed the instant Motion.[2] [Doc. 817]. The Defendant first alleges that this Court used the wrong Criminal History Category in calculating her reduced sentence pursuant to Amendment 782. [Id.]. The Defendant also requests a sentence reduction pursuant to Amendment 750. [Id.].

A district court is only authorized to modify or reduce a sentence after imposition where (1) the Bureau of Prisons moves for a reduction, (2) the Sentencing Commission amends the applicable Guidelines range, or (3) another statute (including Rule 35 of the Federal Rules of Criminal Procedure) expressly permits the court to do so. United States v. Blackshear, 450 F. App'x 241, 242 (4th Cir. 2011) (citing 18 U.S.C. § 3582(c) ("Section 3582")). Once a court rules on the applicability of an amendment to the Sentencing Guidelines with respect to a particular defendant, it generally lacks the authority to reconsider that decision. United States v. Hayes, No. CR 3:02-548 (CMC), 2015 WL 7274077, *1 (D.S.C. Nov. 16, 2015) aff'd, No. 15-7909, 2016 WL 1104016 (4th Cir. Mar. 22, 2016) (citing

---

[2] The Clerk docketed the Defendant's Motion on March 15, 2016, but this Court accepts the Motion as effectively filed on March 8, 2016, the date that the Defendant placed it into the prison's internal mail system [Doc. 817 at 3]. See Houston v. Lack, 487 U.S. 266 (1988) (articulating the "prison mailbox rule").

3

United States v. Goodwyn, 596 F.3d 233, 236 (4th Cir. 2010) ("the clear intent of [Section] 3582 is to constrain postjudgment sentence modifications"), cert. denied, 130 S. Ct. 3530 (2010)). A district court may, however, reconsider its decision under Section 3582 where Rule 35 of the Federal Rules of Criminal Procedure permits it to do so. See 18 U.S.C. § 3582(c)(1)(B). Rule 35 provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35.

**Amendment 782**

To the extent that the Defendant asks this Court to reconsider the merits of its application of Amendment 782, this Court lacks the authority to do so. Goodwyn, 596 F.3d at 236. Even if this Court were to construe the Defendant's argument regarding the Criminal History Category as an assertion of a technical error under Rule 35, it would be equally unavailing. The Defendant's Criminal History Category at sentencing was correctly determined to be VI. In varying downward, this Court explained that it calculated the variance based on a reduction "equivalent [to] one Criminal History Category level." [Doc. 575 at 55]. That variance, however, did not change the Defendant's Criminal History Category. It was merely a *means* of assessing the history and characteristics of the Defendant, as required by

4

18 U.S.C. § 3553(a)(1). Thus, when this Court reviewed the Defendant's case for a 782 reduction on February 25, 2016, it correctly calculated the amended Guideline Range based upon the Defendant's correct Criminal History Category of VI.

Where a Defendant has received a sentence below the guideline range at sentencing, the Court, when considering a § 3582 motion for reduction, can give a commensurately lower sentence, but only under limited circumstances. Such circumstances do not include accounting for any type of variance. See USSG § 1B1.10(b)(2)(B). Hence, the Defendant was eligible to have her sentence reduced to the low end of the guideline range, which she received. The Defendant is not eligible for any greater reduction.

**Amendment 750**

Amendment 750 to the Guidelines retroactively lowered the base offense levels for crimes involving certain quantities of crack cocaine. United States v. Mann, 709 F.3d 301, 304 (4th Cir. 2013). Relevant to the instant matter, Amendment 750 increased the minimum quantity of cocaine base necessary to trigger a base offense level of 36 from 1.5 KG (USSG § 2D1.1 (2009)) to 2.8 KG (USSG § 2D1.1 (2010)). The Defendant was held to be accountable for 2.9 KG of cocaine base. This amount remains greater than the amended minimum quantity to fall within a base offense level of 36.

5

Therefore, Amendment 750 has no impact on the Defendant's guideline range or sentence.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for a Reduction in Sentence pursuant to Amendments 750 and 782. [Doc. 817] is **DENIED**.

**IT IS SO ORDERED**.

Signed: April 5, 2016

Martin Reidinger
United States District Judge