THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:09-cr-00013-MR-DLH-7

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| DORIS FOSTER, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion Pursuant to 18 U.S.C. § 3582 for a Reduction in Sentence in Light of Amendment 750" [Doc. 907].

By the present motion, the Defendant seeks a reduction in sentence pursuant to 18 U.S.C. § 3582 and Amendment 750. [Doc. 907]. The Court previously determined that the Defendant is not entitled to relief under Amendment 750.[1] [Doc. 820]. For the reasons stated in that Order, the Defendant's motion is denied.

---

[1] The case to which Defendant cites in this present motion pertains to the situation where a defendant was sentenced <u>after</u> the effective date of Amendment 750, but was deprived of the application thereof. Such authority is completely inapplicable to Defendant's case because she was sentenced <u>before</u> the effective date of Amendment 750. Therefore, any application of that Amendment to Defendant's case would be a <u>retroactive</u> application. As held by this Court previously, however, Defendant is ineligible for such

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion Pursuant to 18 U.S.C. § 3582 for a Reduction in Sentence in Light of Amendment 750" [Doc. 907] is **DENIED.**

**IT IS SO ORDERED.**

Signed: January 24, 2018

Martin Reidinger
United States District Judge

---

retroactive application. She was, however, eligible for relief under Amendment 782 and received the benefit thereof.