# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:09-cr-00013-MR-WCM-7

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) **O R D E R** |
| DORIS FOSTER, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion for the appointment of counsel [Doc. 933].

In her letter, the Defendant inquires whether she is eligible for relief under the First Step Act of 2018 and moves for the appointment of counsel to represent her in pursuing such relief. The Defendant's request must be denied. If the Defendant wishes to seek any relief pursuant to the First Step Act, she must do so by filing a motion *pro se*. The Defendant has no constitutional right to the appointment of counsel to file post-conviction motions. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004) (citing Pennsylvania v.

Finley, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)).

The Court may, in some circumstances, appoint counsel to represent a prisoner when the interests of justice so require and the prisoner is financially unable to obtain representation. See 18 U.S.C. § 3006A(a)(2)(B). In the instant case, however, the Defendant has failed to demonstrate that the interests of justice warrant the appointment of counsel. See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001).

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for the appointment of counsel [Doc. 933], is **DENIED**.

**IT IS SO ORDERED.**

Signed: May 22, 2019

Martin Reidinger
United States District Judge