IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:09-cr-00013-MR-WCM-7

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DORIS DENISE FOSTER, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on remand from the United States Court of Appeals for the Fourth Circuit [Doc. 991] for further consideration of the Defendant's Motion for Reduced Sentence under The First Step Act of 2018 [Doc. 959].

**I.    BACKGROUND**

Between 2007 and 2009, the Defendant Doris Denise Foster and her husband, Kenneth Foster, participated in a large-scale drug trafficking conspiracy that operated in Buncombe County, North Carolina. WDNC Case [Doc. 551: PSR at ¶¶ 6-14]. The Defendant worked with her husband, buying kilogram quantities of powder cocaine on at least three occasions between December of 2008 and January of 2009, when police were intercepting

Kenneth Foster's wire communications. [Id. at ¶¶ 8, 10-11]. When police searched the Fosters' home, they found 156 grams of crack cocaine and 538 grams of powder cocaine. [Id. at ¶ 14]. Kenneth Foster converted powder cocaine into crack cocaine at a conversion rate of at least 22 grams of crack cocaine for every 28 grams of powder cocaine. [Id.].

A jury found the Defendant guilty of conspiring to possessing with intent to distribute at least 50 grams of crack cocaine. [Doc. 506: Verdict Sheet]. In the Presentence Report (PSR), this Court's probation office found that 2.9 kilograms of crack cocaine were reasonably foreseeable to the Defendant and that the Sentencing Guidelines advised a sentence of between 324 and 405 months' imprisonment based on a total offense level of 36 and a criminal-history category of VI. [Doc. 551: PSR at ¶¶ 14, 76].

The Defendant objected to the drug quantity calculation, and at sentencing the Court found that the evidence "clearly show[ed]" that the Defendant was involved in three deliveries of a kilogram of powder cocaine and that the Defendant was aware that this cocaine was being converted into crack cocaine. [Doc. 575: Sent. Tr. at 21-22]. The Court, however, expressed some concern about whether there was any double counting of the cocaine but found that the Defendant was well over the 1.5 kilogram threshold that generated the total offense level found by the probation office.

2

Case 1:09-cr-00013-MR-WCM   Document 999   Filed 10/04/22   Page 2 of 6

[Id. at 22]. The Court adopted the PSR "as written" and sentenced the Defendant to 292 months' imprisonment, varying downward by one offense level and sentencing the Defendant at the bottom of the adjusted range. [Doc. 563: Judgment at 2; Doc. 564: Statement of Reasons at 1]. The Court later reduced the Defendant's term of imprisonment to 262 months under Amendment 782 to the Sentencing Guidelines. [Doc. 815: 782 Order].

In August 2020, the Defendant moved this Court to reduce her sentence under the First Step Act. [Doc. 959]. The Court granted the Defendant's motion in part, reducing her custodial sentence to 235 months and her supervised release term to four years. [Doc. 968: First Step Order at 11]. Noting that it had earlier adopted the PSR as accurate, the Court found that 2.9 kilograms of crack cocaine was attributable to the Defendant and that any other quantity would be inconsistent with its earlier findings. [Id. at 4, 8-9].

The Defendant appealed, and the Court of Appeals vacated this Court's Order, finding that when this Court originally sentenced the Defendant, it never decided that 2.9 kilograms of crack cocaine were reasonably foreseeable to her and therefore it erred in using that drug quantity when considering her First Step Act motion. [Doc. 991 at 3]. The Court of Appeals directed this Court on remand to "either apply the minimum

3

drug quantity of 1.5 kilograms that was found by the court at sentencing or make additional findings within the range previously found before recalculating the Guidelines range under the First Step Act." [Id. at 6].

## II. DISCUSSION

On remand, the Defendant asks this Court to find a drug quantity of 2.35 kilograms of crack cocaine, which is the drug quantity that 3 kilograms of powder cocaine would have yielded under the conversion ratio this Court applied when it originally sentenced her. The Defendant also asks this Court to vary downward by one offense level as it did at her original sentencing hearing and impose a sentence of 188 months' imprisonment, which would be at the bottom of that reduced range. [Doc. 995].

Although the Government believes there is evidence in the record to support a higher drug quantity, the Government agrees with the Defendant that the Court should find that 2.35 kilograms of crack cocaine were reasonably foreseeable by the Defendant and therefore reduce her sentence to 188 months' imprisonment. [Doc. 997].

Rather than attempt to determine whether a drug quantity of more than 2.35 kilograms of crack cocaine was reasonably foreseeable to the Defendant based on evidence presented at trial in 2010, the Court will adopt the drug quantity that both parties agree was reasonably foreseeable to the

4

Case 1:09-cr-00013-MR-WCM   Document 999   Filed 10/04/22   Page 4 of 6

Defendant: 2.35 kilograms of crack cocaine. This is the minimum quantity that the Government argued was reasonably foreseeable to the Defendant, and this is the drug quantity that the evidence most clearly supports. Applying this drug quantity yields, as the Defendant argues, an advisory Sentencing Guidelines range of between 210 and 262 months' imprisonment.

The Court further finds that application of the 18 U.S.C. § 3553(a) sentencing factors supports a one-offense-level downward variance, comparable to the one-level variance that this Court applied when the Defendant was sentenced, and a sentence at the bottom of that reduced range. Additionally, the Defendant has performed well while in the Bureau of Prisons, having had only one disciplinary infraction in 2015 and having completed numerous educational and work assignments. [See Doc. 961: Supp. PSR at 2-3; see also Doc. 995-1: Probation Email Aug. 24, 2022].

For all these reasons, the Court concludes that a sentence of 188 months provides just punishment, protects the public, and is likely to deter the Defendant and others from engaging in similar criminal behavior.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Reduced Sentence under The First Step Act of 2018 [Doc. 959] is **GRANTED**, and the Defendant's sentence is hereby reduced to **188**

**months' imprisonment** and the term of supervised release is hereby reduced to a term of **four (4) years**. All other terms and conditions of the Defendant's Judgment [Doc. 563] shall remain in full force and effect.

The Clerk is respectfully directed to prepare an Amended Judgment in accordance with this Order.

The Clerk is further directed to provide copies of this Order to the Defendant, counsel for the Defendant, the United States Attorney, the United States Marshals Service, the United States Probation Office, and the United States Bureau of Prisons.

**IT IS SO ORDERED.**

Signed: October 4, 2022

*[Signature]*

Martin Reidinger
Chief United States District Judge